IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CHARLES POOLE,                )
                              )
         Plaintiff,           )
                              )
    v.                        )   Case No. 4:14-cv-00692-BCW
                              )
HARRIS & HARRIS, LTD.,        )
                              )
         Defendant.           )

**[Joint Proposed]**

**SCHEDULING AND TRIAL ORDER**

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, and upon consideration of the parties' views in the matter, the following schedule is hereby established:

1. The parties believe this case is not complex.

2. Any motion to join additional parties or to amend the pleadings will be filed on or before September 30, 2014.

3. Discovery shall proceed in the following manner:

    a. The parties shall voluntarily make all disclosures required by Rule 26(a)(l) no later than October 1, 2014.

    b. The parties have not yet determined whether any request for physical or mental examinations pursuant to Fed. R. Civ. P. 35 will be made. Should either party make a request for a physical or mental examination, such request shall be made by January 31, 2015 and the examination shall be made by February 28, 2015.

    c. The presumptive limits of ten (10) depositions as set forth in Fed. R. Civ. P. 30(a)(2)(A) should be varied. This is not a complex case. Defendant

requests the number of depositions be limited to two (2) each side. The presumptive limits of twenty-five (25) interrogatories as set forth in Fed. R. Civ. P. 33(a) should not be varied.

        d.      Any paper documents (i.e., those documents not kept electronically by a party in the ordinary course of business) will be produced in a single page Group 4 300 dpiTIFF format at the producing party's cost with multi-page OCR text files. Parties will produce electronic stored information (ESI) documents in single page Group 4 300 dpiTIFF format at the producing party's cost. In each case, the single-page TIF image will be accompanied with multi-page OCR text files and a Summation Load File along with a deliminated text file containing the metadata and links to any native documents. Any party producing electronic documents will produce native format files of responsive spreadsheets (e.g., Microsoft Excel) or Microsoft Access databases (if any) upon request by the requesting party. The native files should be named after the beginning Bates number of the tiff document after a generic tiff placeholder document.

Each TIFF format file of an electronic document must be created directly from the original electronic document; a party may not create a TIFF format file of an electronic document by printing out paper copies of that electronic document and then scanning that paper copy of the electronic document. Documents that present imaging or formatting problems shall be promptly identified and the parties shall meet and confer to attempt to resolve the problems.

All electronic discovery production should be de-duplicated. The parties will meet and confer regarding any such designated data sources. Parties will take no actions at this time that could increase the cost of future discovery of information (such as moving information off-site,

changing the way information is stored, destroying certain copies or methods of storage of information), will preserve any information related to the claims, and will take all appropriate steps to make sure there are no document destruction policies in place that could spoliate evidence. If a dispute arises regarding production, parties will be required to meet and confer regarding any discovery disputes over electronically stored information in an effort to reach agreement on cost-effective and efficient ways to produce information. Documents shall be Bates stamped.

Parties will work in good faith to correlate the production of documents to the discovery request(s) to which the documents are responsive.

> e. The parties agree that to the extent either party wishes to assert a privilege in response to a discovery request, that party shall set forth his/her/its privilege assertion expressly in the party's relevant written discovery responses in sufficient detail to permit the opposing party to assess the legitimacy of the assertion(s). Furthermore, the parties agree that prior to the production of any documents, the parties will seek and obtain the entry of a protective order limiting the use of all documents produced in connection with the instant case to the litigation of the instant case, and mandating that each party will destroy all documents produced to it by the opposing party (and any electronic versions of those documents) following the final appeal of the instant case.
>
> f. The parties will negotiate and then present for Court approval a protective order for the production of any requested confidential information if such an order becomes necessary.

g. After a ruling on class certification, the parties will propose a scheduling order, if needed, relating to any additional discovery, a proposed trial date, and the anticipated length of the trial.

4. All motions for extension of time pursuant to Rule 6(b) or Rules 31, 33, 34 and 36 must state:

a. The date when the pleading, response or other action is/was first due;

b. The number of previous extensions and the date the last extension expires;

c. The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

d. Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel of a requested extension is not binding on the Court).

IT IS SO ORDERED.

Respectfully submitted,

Hinshaw & Culbertson LLP

By:*s/Corinne C. Heggie*
Attorney for Defendant,
Harris & Harris, Ltd.


By:*s/Charles Poole*
Plaintiff Pro Se

Corinne C. Heggie
Hinshaw & Culbertson LLP
222 No. LaSalle St., Ste. 300
Chicago, IL 60601-1081
cheggie@hinshawlaw.com

Charles Poole
Plaintiff Pro Se
2104 Montgall Avenue
Kansas City, MO 64127
kolayahyisrael@gmail.com

# CERTIFICATE OF SERVICE

  The undersigned, an attorney, hereby certifies that a copy of **Joint Proposed Scheduling Order** was electronically filed with the Clerk of the Western District of Missouri, Western Division and mailed to Plaintiff Pro Se on this **22nd day of September, 2014:**

        Charles Poole
        2104 Montgall Avenue
        Kansas City, MO  64127
        kolayahisrael@gmail.com


        By:*s/Corinne C. Heggie*
        Attorney for Defendant,
        Harris & Harris, Ltd.

Corinne C. Heggie
Hinshaw & Culbertson LLP
222 No. LaSalle St., Ste. 300
Chicago, IL 60601
cheggie@hinshawlaw.com

130892409v1 0960930

Case 4:14-cv-00692-BCW   Document 10   Filed 09/22/14   Page 6 of 6