IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-00692-BCW |
| | ) | |
| HARRIS & HARRIS, LTD., | ) | Judge Brian C. Wimes |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, HARRIS & HARRIS LTD ("Harris") by its attorney, Corinne C. Heggie, and for its Supplemental Memorandum of Law in support of its Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) states:

**INTRODUCTION AND SUMMARY OF ALLEGATIONS**

Harris's supplemental brief addresses the new legal theories in Plaintiff's Amended Complaint which are subject to dismissal with prejudice. Plaintiff's Amended Complaint alleges no new facts. It is based on the same Fair Credit Reporting Act (FCRA) theory – that Harris obtained his credit report without his permission and thus no permissible purpose under the FCRA. Thus, Harris incorporates the arguments made in its initial motion to dismiss, memorandum of law, and reply as if fully restated herein. *See* Dkt. #6-7, 9.

Plaintiff alleges the following new state law claims: §§ 407.020 (Missouri Merchandising Practices Act)("MMPA"); 570.223 (Identity Theft); and 570.140 (Deceptive Business Practices Act). *See* Dkt. #13 ¶¶ 14, 21, 23. Plaintiff's new state law claims should be dismissed to the extent they are based on the no permissible purpose FCRA theory. Additionally, the MMPA does not apply because plaintiff alleges he had no dealings or

transactions with Harris.  Plaintiff also fails to allege facts that state a plausible cause of action against Harris for relief under the Missouri identity theft or deceptive business practices statutes either.

Harris also restates its request for sanctions.  Plaintiff has filed five identical lawsuits based upon the no permissible purpose theory.  *See* Dkt. #7 Group Ex. C; Dkt. #9 Ex. A.  This would appear to be a pattern.  His case against Harris lacks merit.  If his case is meritless, Plaintiff should be sanctioned for causing fees and costs to be incurred and judicial resources spent to defend his case.  The amendment demonstrates sanctions are especially appropriate here because Plaintiff asserts false allegations. Specifically, Plaintiff alleges Harris never responded to his alleged debt dispute.  *See* Dkt. #13 ¶¶ 25-26.  Exhibit A that Plaintiff attached to his initial Complaint proves otherwise.  Harris sent Exhibit A to Plaintiff to provide proof of the debt Plaintiff owed and Harris's right to collect.  *See* Dkt. #1 Ex. A at p. 12.

## ARGUMENT

**I.  The Amended Complaint should be dismissed because it does not state a plausible cause of action under the FCRA.**

Plaintiff's initial Complaint alleged that Harris did not have a permissible purpose to obtain his credit report.  *See* Dkt. #1 Ex. A.  The amendment does too.  *See* Dkt. #13.   The only difference is that the amendment does not includes an exhibit the letter Harris sent him with proof of the debt and Harris's right to collect it.  *See* Dkt. #1, Ex. A at pp. 12-14.  Plaintiff does not attach the letter to the amendment because it dooms his FCRA no permissible purpose theory.  This is because the collection of an unpaid debt, which is the purpose for which Harris accessed plaintiff's consumer report, constitutes a permissible purpose and is a complete defense to Plaintiff's FCRA § 1681b claim against Harris.  *See* Dkt. #7 pp. 3-4.

2

Plaintiff also omits Harris's letter to inaccurately claim Harris did not respond to his alleged dispute. (Dkt. #13, ¶¶ 25-26). Not only is this not accurate, it does not change the fact that plaintiff's FCRA claim fails as a matter of law because Harris had a permissible purpose to access his consumer report under § 1681b. Plaintiff's allegations that he did not owe the debt are irrelevant because if a collector "has a reason to believe that a consumer owed a debt, it would have a permissible purpose to access the consumer's credit report." *Shah v. Collecto, Inc.*, No. DKC 2004-4059, 2005 WL 2216242, *12 (D.Md. Sept. 12, 2005). Therefore, the Amended Complaint should be dismissed, and, to the extent that Plaintiff's state law claims are based on the same no permissible purpose FCRA theory, they too are subject to dismissal with prejudice.

**II. The MMPA claim fails because plaintiff alleges he had no transactions or dealings with Harris.**

Plaintiff claims Harris violated §407.020 of the MMPA. To the extent the MMPA claim is based on the defective FCRA theory, the MMPA claim must be dismissed. Additionally, the MMPA does not apply to the facts of this case because Plaintiff alleges that he had no dealings or transactions with Harris.

The MMPA does not apply where there "is no allegation that the plaintiffs were clients or customers of the defendants." *Lavender v. Wolpoff & Abramson, L.L.P.*, No. 07-0015-CV-W-FJG, 2007 WL 2507752 (W.D. Mo. 2007). Additionally, the MMPA makes unlawful "[t]he act, use or employment ... of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression or omission of any material fact in connection with the sale or advertisement of any merchandise." Mo.Rev.Stat. § 407.020.1. Thus to state an MMPA claim, plaintiff must allege that he (1) purchased or leased merchandise; (2) primarily for personal, family or household purposes, and (3) thereby suffered an ascertainable loss of money or property, real or personal; (4) as result of the defendant's use of one of the methods or

3

130912299v1 0960930

Case 4:14-cv-00692-BCW   Document 17   Filed 10/15/14   Page 3 of 7

practices declared unlawful by Section 407.020. *Wivell v. Wells Fargo Bank, N.A.*, No. 12–3457–CV–S–DGK, 2013 WL 2089222, at \*4 (W.D.Mo.2013). "A private cause of action is given only to one who purchases and suffers damage." *Ziglin v. Players MH, L.P.*, 36 S.W.3d 786, 790 (Mo. Ct. App. 2001).

Here, Plaintiff's amendment alleges that he "has never had any business dealings with the Defendant, nor has Plaintiff applied for any credit or services, or employment" from Harris. *See* Dkt. #13 ¶13. The amendment contains no allegations that plaintiff and Harris engaged in any consumer transaction. *Jackson v. Charlie's Chevrolet, Inc.,* 664 S.W.2d 675, 677 (Mo. Ct. App. 1984) (MMPA provides a cause of action only to one that purchases). The amendment does not allege any purchase or lease of merchandise or that any purchase or any lease that was primarily for personal, family or household purposes. Likewise, plaintiff does not allege he suffered any damages whatsoever, much less damages that he attributes to Harris's alleged violation of the MPPA. Consequently, Plaintiff's MMPA claim should be dismissed with prejudice for failure to state a plausible cause of action.

### III. Plaintiff's claims for identity theft and deceptive business practices should be dismissed as a matter of law because it is not a crime to lawfully access a consumer report.

The amendment alleges Harris committed identity theft and engaged in deceptive business practices. *See* Dkt. #13 ¶¶ 21-24. Plaintiff's claims are criminal in nature. Chapter 570 of the Missouri Revised Statutes is entitled "Stealing and Related Offenses" and is found under the Title entitled "Crimes and Punishment, Peace Officers and Public Defenders." MO ST T. XXXVIII, Ch. 570. As to the claim of identity theft, §570.223 states, "a person commits the *crime* of identity theft if he or she knowingly and with the intent to deceive or defraud obtains, possesses, transfers, uses, or attempts to obtain, transfer or use, one or more means of

4

130912299v1 0960930
Case 4:14-cv-00692-BCW   Document 17   Filed 10/15/14   Page 4 of 7

identification *not lawfully issued for his or her use*." Mo. Ann. Stat. § 570.223(1) (West)(emphasis added). A civil remedy may only be imposed against "any person who commits an act made unlawful by subsection 1...." Mo. Stat. § 570.223(5).

Against this backdrop, plaintiff's identify theft claim alleges no facts to satisfy the statute's pleading requirement on intent on Harris's part. Additionally, obtaining a credit report to collect on an unpaid debt is not prohibited under the FCRA, the identify theft statute, or any of the Missouri statutes cited in the amendment. The identity theft statute is written to prohibit one from obtaining or using means of identification information concerning a person "not lawfully issued for his or her use." Harris lawfully obtained Plaintiff's credit report pursuant to 15 U.S.C. §1681b(A)(3)(a); therefore, the statute does not apply and plaintiff's claims for identify theft should be dismissed with prejudice.

Likewise, plaintiff's deceptive business practices claim is subject to dismissal. Section 570.140 states:

> 1. A person commits the crime of deceptive business practice if in the course of engaging in a business, occupation or profession, he recklessly
>
> (1) Uses or possesses for use a false weight or measure, or any other device for falsely determining or recording any quality or quantity; or
>
> (2) Sells, offers or exposes for sale, or delivers less than the represented quantity of any commodity or service; or
>
> (3) Takes or attempts to take more than the represented quantity of any commodity or service when as buyer he furnishes the weight or measure; or
>
> (4) Sells, offers or exposes for sale adulterated or mislabeled commodities; or
>
> (5) Makes a false or misleading written statement for the purpose of obtaining property or credit.

Mo. Ann. Stat. § 570.140 (West). A violation constitutes a class A misdemeanor. Mo. Ann. Stat. § 570.140(2)(West). Plaintiff does not allege that Harris committed any one of these five

5

crimes. Plaintiff alleges no facts that Harris acted recklessly either. Consequently, plaintiff's claims under Chapter 570 of the Missouri Revised Statutes should be dismissed with prejudice as he does not allege facts to state a plausible claim for these criminal charges against Harris in the amendment.

### IV. Plaintiff should be sanctioned pursuant to Federal Rule of Civil Procedure 11(c) and FCRA § 1681n(c) for pursuing frivolous claims.

Harris is entitled to an award of the attorney's fees incurred for removing, defending, and filing two motions to dismiss Plaintiff's claims. Plaintiff filed his amendment with knowledge that the claims were unsupported by the FCRA and the law interpreting it. Additionally plaintiff should be sanctioned for knowingly asserting false allegations in paragraphs 25 and 26 in his Amended Complaint. Specifically, plaintiff alleges that he notified Harris of his dispute and that he received no response. He is wrong and Exhibit A to his Complaint proves it. *See* Dkt. #1 Ex. A at p. 12.

Plaintiff is litigious. In addition to the instant case, he sued four other debt collectors with complaints identical to the one filed here. *See* Dkt. #7 Group Ex. C; Dkt. #9 Ex. A. In three cases, defendants moved to dismiss or for summary judgment because they had a permissible purpose to access plaintiff's credit report. *See Poole v. Convergent Outsourcing, Inc.*, No. 4:14-cv-00662-BCW (W.D. Mo. removed July 29, 2014) (J. Wimes); *Poole v. Southwest Credit Systems, L.P.*, No. 4:14-cv-00663-DW (W.D. Mo); *Poole v. NCO Fin. Sys., Inc.,* No. 4:14-cv-00711-BP (W.D. Mo.). In two of the other three cases, plaintiff has now filed the same Amended Complaint that he filed September 30, 2014 in this case. This is a pattern and, at least as to his alleged claims against Harris, warrants sanctions against plaintiff.

WHEREFORE, Defendant, Harris & Harris, Ltd., respectfully requests this court dismiss Plaintiff's Amended Complaint with prejudice, sanction Plaintiff pursuant to Rule 11, award defendant its attorney's fees and costs incurred in removing plaintiff's Complaint and in preparing two motions to dismiss pursuant to FCRA §1681n(c), and for any other relief in its favor this court deems just and proper.

>Respectfully submitted,
>
>HINSHAW & CULBERTSON LLP
>
>*/s/Corinne C. Heggie*
>Corinne C. Heggie, One of the Attorneys for
>Defendant, Harris & Harris, Ltd.

Corinne C. Heggie
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
(312) 704-3000
cheggie@hinshawlaw.com